# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CR-0037-CVE |
| | ) | |
| TIMOTHY JASON SUMNER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are Defendant's Motion to Dismiss the Indictment for Failure to Allege an Offense (Dkt. # 15) and Defendant's Motion to Dismiss the Indictment on Constitutional Grounds (Dkt. # 16). Defendant argues that the indictment fails to allege an offense under 18 U.S.C.§ 2250, because defendant had not previously committed an offense that required him to register under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911 et seq. (SORNA). Dkt. # 15. He also argues that the indictment is unconstitutionally vague and that § 2250 is unconstitutional as applied to him. Dkt. # 16.

**I.**

On February 4, 2015, a grand jury returned an indictment charging defendant with a violation of § 2250, as follows:

> From between May 27, 2013, and continuing through in or about April 25, 2014, in the Northern District of Oklahoma, the defendant, TIMOTHY JASON SUMNER, an individual required to register under [SORNA], and a sex offender by reason of a conviction under Oklahoma state law . . . knowingly failed to register and update his registration and while unregistered, entered and left Indian Country . . . .

Dkt. # 2, at 1. The indictment identifies defendant's prior conviction as a February 2011 conviction for sexual battery from the District Court of Rogers County, Oklahoma. The indictment also lists seven specific occasions on which defendant allegedly entered an Indian casino on tribal land.

Defendant was charged with the same offense in a prior case. United States of America v. Timothy Jason Sumner, 14-CR-180-JHP (N.D. Okla.). That case was dismissed when the presiding judge found that the indictment failed to state an offense against defendant, because the indictment did not give defendant sufficient notice of the offense charged against him. United States v. Sumner, ___ F. Supp. 3d. ___, 2015 WL 427822 (N.D. Okla. Feb. 2, 2015). In particular, the prior indictment failed to notify defendant of the dates he allegedly entered and left Indian Country and, "[g]iven the unique prevalence of Indian Country throughout this district," a defendant should not be required to speculate as to when and how he entered Indian County for the purpose of the charged offense. Id. at *4.

## II.

Defendant argues that his prior conviction for sexual battery under Oklahoma law is not a "sex offense" as that term is defined under SORNA, and he claims that he is not subject to the registration requirements of SORNA. Dkt. # 15, at 1-3. The government responds that the crime of sexual battery is a predicate offense requiring registration under SORNA, and the indictment adequately alleges an offense under § 2250.

Under Fed. R. Crim. P. 12(b)(3), a defendant may file a motion "alleging a defect in the indictment" at any time while the case is still pending. In ruling on a motion to dismiss for failure to state an offense, the Court must consider only if the allegations of the indictment, if accepted as true, state an offense against the defendant. United States v. Todd, 446 F.3d 1062, 1068 (10th Cir.

2006). "[A]n indictment is considered sufficient 'if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy challenge." United States v. Barrett, 496 F.3d 1079, 1092 (10th Cir. 2007). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." United States v. Doe, 572 F.3d 1162, 1173 (10th Cir. 2009) (quoting United States v. Redcorn, 528 F.3d. 727, 733 (10th Cir. 2008)). "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to the minimal constitutional standards." United States v. Gama-Bastidas, 222 F.3d 779, 785 (10th Cir. 2000) (quoting United States v. Fitzgerald, 89 F.3d 218, 222 (5th Cir. 1996)).

SORNA was enacted to create a "comprehensive national system for the registration of 'sex offenders.'" United States v. Black, 773 F.3d 1113, 1114 (10th Cir. 2014). SORNA defines "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is any "criminal offense that has an element involving a sexual act or sexual contact with another . . . ." 42 U.S.C. § 16911(5)(i). SORNA does not define "sexual act" or "sexual contact," but those terms are defined under 18 U.S.C. § 2246. The parties agree that defendant's conviction does not involve a "sexual act" as that term is defined in § 2246(2), but they dispute whether his conviction has an element of "sexual contact." "Sexual contact" is defined as "the intentional touching, either directly or indirectly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Under SORNA, a sex offender is

3

required to register in each jurisdiction "where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). If a sex offender changes his name, residence, employment, or student status, he must appear in at least one jurisdiction involved and inform that jurisdiction of all changes that must be documented in the sex offender registry within three days of the change. 42 U.S.C. § 16913(c).

In February 2011, defendant was convicted of sexual battery in violation of OKLA. STAT. tit. 21, § 1123.B. The statute provides that:

> No person shall commit sexual battery on any other person. "Sexual battery" shall mean the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner:
>
> 1. Without the consent of that person;
>
> 2. When committed by a state, county, municipal or political subdivision employee or a contractor or an employee of a contractor of the state, a county, a municipality or political subdivision of this state upon a person who is under the legal custody, supervision or authority of a state agency, a county, a municipality or a political subdivision of this state; or
>
> 3. When committed upon a person who is at least sixteen (16) years of age and is less than twenty (20) years of age and is a student, or in the legal custody or supervision of any public or private elementary or secondary school, or technology center school, by a person who is eighteen (18) years of age or older and is an employee of the same school system that the victim attends.

OKLA. STAT. tit. 21, § 1123.B. Oklahoma courts have defined "lewd and lascivious" to mean "an unlawful indulgence or eagerness for sexual indulgence." Reeves v. State, 818 P.2d 495, 504 (Okla. Crim. App. 1991). There is no statutory definition of "private parts" as that term is used in § 1223(B), but the Oklahoma Uniform Jury Instructions define "private parts" as the "genitals or sex organs." OUJI-CR 4-139.

Defendant argues that sexual battery is not a predicate offense under SORNA for two reasons. First, he claims the crime of sexual battery under Oklahoma law lacks the required intent element to bring the crime within the definition of "sexual contact." Dkt. # 15, at 7. Second, he argues that the crime of sexual battery does not require the contact or touching of any of the body parts mentioned in the definition of "sexual contact," and the Oklahoma statute is so broadly worded that sexual battery under § 1123.B cannot be treated as a predicate offense under SORNA. The Court must initially determine whether to apply the categorical approach or the modified categorical approach in considering if a conviction for sexual battery under § 1123.B is a predicate offense requiring a person to register under SORNA. Under the categorical approach, the court must "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). The court "consider[s] the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." United States v. Charles, 576 F.3d 1060, 1067 (10th Cir. 2009) (quoting Begay v. United States, 553 U.S. 137, 141 (2008)). However, if a state statute is divisible and it encompasses multiple or alternative means of committing an offense, the court may consider a limited class of documents to determine which of the alternative offenses formed the basis for the defendant's prior conviction. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The documents that a court may consider are limited to "charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instruction to the jury." Shepard v. United States, 544 U.S. 13, 20 (2005). A court may also consider a plea agreement or plea colloquy under the modified categorical approach. Ibarra v. Holder, 736 F.3d 903, 907 (10th Cir. 2013).

Defendant argues that it is unnecessary to apply the modified categorical approach, because the intent element applicable to all offenses under § 1123.B is not substantially equivalent to the intent required for an offense involving "sexual contact" under SORNA. Dkt. # 15, at 7. The government responds that the definition of "lewd and lascivious" is the functional equivalent of the SORNA standard. Under § 2243(3), prohibited sexual contact must be committed with "an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." Conduct is "lewd and lascivious" as a matter of Oklahoma law if the actor had "an unlawful indulgence or eagerness for sexual indulgence." This standard is substantially similar to the "arouse or gratify the sexual desire of any person" component of the intent standard under SORNA. Under the categorical approach, the intent requirement under § 1123.B is equivalent to definition of "sexual contact" under federal law, and the Court rejects defendant's argument that all offenses under § 1123.B fail to qualify as generic offenses involving "sexual contact" under SORNA.

Defendant also argues that the physical contact element of § 1123.B does not require proof of the same severity of contact as the definition of "sexual contact," and he asks the Court to apply a categorical approach to find § 1123.B criminalizes a wide range of conduct that would not constitute a predicate offense under SORNA. Dkt. # 15, at 8. The government asks the Court to apply a modified categorical approach in comparing the physical contact elements of each statute, because § 1123.B creates multiple offenses and it will be necessary for the Court to review the charging documents from the underlying state court case to determine to what offense defendant pled guilty. Dkt. # 17, at 12. The Court agrees that it is necessary to use the modified categorical approach to determine which subsection of § 1123.B defendant was accused of violating, because § 1123.B sets forth alternative means of committing the offense of sexual battery and at least one

6

of those alternatives could constitute a predicate offense requiring registration under SORNA. The charging document in state court alleges that defendant committed sexual battery "by intentionally groping the victim by touching the leg and crotch of Molly Thoumire, who was 18 years old at the time, in a lewd and lascivious manner and without the consent of Molly Thoumire." Dkt. # 23-1, at 1. Defendant was plainly charged with an offense under § 1123.B.1. He argues that the language of § 1123.B.1. broadly references the touching of the "the body or private parts," and this lacks the specificity of the body parts listed in the federal definition of "sexual contact." The Court may review the charging document, a plea agreement, or a plea colloquy to determine the elements of the charged offense when the underlying statute provides alternate means of committing the offense. In Descamps, the Supreme Court found that it would be permissible for a district court to consider certain documents to determine if a defendant burglarized an automobile or a house, but the modified categorical approach could not be used when the state statute necessarily included conduct that was more broad than the generic definition of burglary. The definition of "sexual contact" under SORNA applies to "the intentional touching, either directly or indirectly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person." In this case, the Oklahoma statute at issue provides that sexual battery may be committed by the unconsented touching of "the body or private parts" of another person. In other words, a person may be convicted under § 1123.B.1 by touching the "body," which might not include body parts listed in the definition of "sexual contact," but a person may also commit the offense by touching "private parts" that are included in the definition of sexual contact. The Court finds that it can review the charging document and plea agreement to determine if defendant was convicted of a generic offense involving "sexual contact," because § 1123.B.1 creates alternate means of committing an offense

7

and one of those possible means falls within a generic offense that would require registration under SORNA. The charging document states that defendant was accused of "intentionally groping the victim by touching the leg and crotch of" the victim. The term "crotch" reasonably includes at least the groin or inner thigh of the victim, and this would fall within the definition of "sexual contact." At the change of plea hearing, defendant also admitted that he "rubbed her private area" to commit the offense. Dkt. # 17-10, at 4. This shows that defendant pled guilty to a sexual battery offense requiring the unconsented touching of the victim's "private parts" and this does constitute a generic "sex offense" under SORNA. The indictment sufficiently alleges that defendant was convicted of an offense that required him to register and update that registration under SORNA, and defendant's motion to dismiss (Dkt. # 15) should be denied.

## III.

Defendant argues that the indictment is unconstitutionally vague, because it fails to give him sufficient notice of the charge against him. In particular, he claims that the indictment does not give him notice of when he allegedly failed to update his registration under SORNA and the lack of specificity "creates the risk that the grand jury may have conceptualized the offense differently from the way the government will assert at trial." Dkt. # 16, at 4. Defendant also alleges that § 2250 is unconstitutional as applied to him, because it appears that he is being charged with engaging in purely intrastate activity. Id. at 10. The government responds that the indictment clearly alleges that defendant failed to register or update his sex offender registration and then moved in Indian commerce, and its theory of the case is adequately set forth in the indictment. Dkt. # 18, at 10-13. The government also argues that defendant misunderstands the jurisdictional element of the offense

8

alleged in the indictment, because anyone who "enters or leaves" Indian Country moves in Indian commerce and this is an independent jurisdictional basis for an offense under § 2250. Id. at 14-17.

Although defendant's argument is framed in terms of the United States Constitution, he essentially argues that the indictment fails to meet the minimum requirements of Fed. R. Crim. P. 7(c). Dkt. # 16, at 4. As defendant argues, "an indictment is considered sufficient 'if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy challenge." Barrett, 496 F.3d at 1092. Defendant acknowledges that it is often sufficient for the indictment to allege an offense by reciting the relevant statutory language, but he argues that more is required in this case. See Russell v. United States, 369 U.S. 749, 764 (1962) ("Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.").

Defendant argues that the indictment fails to allege a connection between his visits to Indian Country and his failure to register or update his sex offender registration. He claims that the indictment is so vague on this key issue that he is unable to prepare a defense and the indictment does not give sufficient notice of what crime the grand jury believed that defendant committed. Dkt. # 16, at 7. Under § 2250(a), the government must prove the following three elements to convict defendant of the offense of failing to register or update his sex offender registration:

(1) [defendant] is required to register under [SORNA]; . . .

(2)(B) [defendant] travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

> (3) [defendant] knowingly fails to register or update a registration as required by [SORNA] . . . .

Defendant argues that the indictment is insufficient because it fails to notify him of the specific instances of travel giving rise to a duty to update his sex offender registration. Dkt. # 16, at 6. However, the indictment alleges that defendant "knowingly failed to register and update his registration" and that he entered Indian Country while unregistered. Dkt. # 2, at 1. This aspect of defendant's argument is not premised on a legal defect in the government's theory of the case but, instead, on the alleged failure to give defendant adequate notice of the factual basis for the charge against him. Dkt. # 16, at 6. The Court has reviewed the indictment and finds that it provides sufficient notice of the charge against him, and the government's theory of the case is clear from the indictment. The indictment alleges that defendant had a duty to register and update his registration, that he failed to do so, and that he traveled in Indian commerce during a time period in which he was unregistered. The Court rejects defendant's argument that the indictment is so vague that it fails to comply with the constitutional right to indictment by a grand jury.

Finally, defendant argues that § 2250 is unconstitutional as applied to him, because he is accused of visiting Indian casinos within the boundaries of Oklahoma and there is no allegation that he engaged in interstate commerce. Dkt # 16, at 7-11. Defendant cites United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000), and he argues that the federal government is seeking to punish him based on purely intrastate conduct. However, the jurisdictional basis for the offense is not interstate conduct but, instead, that defendant entered, left, or resided in Indian Country. The indictment alleges that defendant entered Indian Country and this is the jurisdictional hook for defendant's alleged violation of § 2250. Implicit in defendant's argument

is an assumption that there must be a nexus between the travel and the failure to register, and he seems to be arguing that the failure to allege such a nexus renders his travel to Indian Country irrelevant for the purpose of an offense under § 2250. Dkt. # 16, at 6 ("there is no indication that Sumner's entry on any of these occasions triggered a reporting requirement in Indian Country); id. at 11 (citing United States v. Carr, 560 U.S. 438 (2010), to support the proposition that a defendant's travel must give rise to a duty to register or update sex offender registration). In Carr, the Supreme Court determined that the elements of a § 2250 offense must be committed in the order listed in the statute. Carr, 560 U.S. at 447. There is at least some authority suggesting that there does not have to be a nexus between the travel and the duty to register. United States v. Vasquez, 611 F.3d 325 (7th Cir. 2010) (post-Carr decision upholding § 2250 against Commerce Clause challenge and finding that "[s]ection 2250(a)'s failure to require a connection between the jurisdictional element of travel and criminal act of failing to register is not fatal . . . "). There is also authority supporting defendant's argument that the travel providing the jurisdictional hook for a § 2250 offense must trigger a duty to register or update his registration. United States v. Byrd, 419 F. App'x 485 (5th Cir. Mar. 22, 2011). The Court will not assume that § 2250 requires a nexus between the travel and duty to register because, as defendant notes, SORNA is a complex regulatory scheme and he should be required to squarely present any constitutional challenge to the Court. This will provide the government a fair chance to respond to defendant's argument, and it will enable defendant to present all authority to the Court in the event that the issue is eventually presented to the Tenth Circuit. Defendant's motion to dismiss on constitutional grounds is denied without prejudice should he choose to re-new this argument with all relevant authority on the issue of whether the government

is required to allege a nexus between the defendant's travel and duty to register or update sex offender registration.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment for Failure to Allege an Offense (Dkt. # 15) is **denied**, and Defendant's Motion to Dismiss the Indictment on Constitutional Grounds (Dkt. # 16) is **denied**.

**DATED** this 26th day of March, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE